UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20815-BLOOM/Lett

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,

    Plaintiff,

v.

ELIZABETH HAZAN, et al.,

    Defendants.
_____/

## ORDER ON MOTION TO REMAND TO STATE COURT

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant Elizabeth Hazan's Notice of Removal. ECF No. [1]. After a review of the record, the Court finds that the case must be remanded to state court.

On August 2, 2013, Plaintiff JPMorgan Chase Bank National Association initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2013-025902-CA-01(04) ("State Court Action"). *See* ECF No. [1]. Plaintiff brought suit against the following Defendants: Elizabeth Hazan a/k/a Liza Hazan, Unknown Spouse of Elizabeth Hazan a/k/a Liza Hazan, NLG, LLC, c/o Noel L. Goldman, R.A., 6913 Valencia, LLC, c/o Michael W. Simon, R.A., Western National Life Insurance Company f/k/a AIG, Fisher Island Community Association, Inc., c/o Pey, Valencia Estates Homeowners' Association, Inc., C/, Unknown Parties in Possession #1, Unknown Parties in Possession #2. *See* ECF No. [1-2]. On February 21, 2025, Hazan filed her notice of removal. ECF No. [1].

"Pursuant to 28 U.S.C. § 1447, remand is appropriate when there is a defect in the removal process." *Fowler v. Hertz Vehicles, LLC*, No. 3:06-cv-635-J-33MCR, 2007 WL 106563, at *1

(M.D. Fla. Jan. 9, 2007). Here, there was a defect in the removal process as Hazan did not obtain consent from all Defendants before filing her notice of removal. *See Rodgers v. Atlantic Contracting & Development Corp.*, Case No. 2:07-cv-533-FtM-34DNF, 2008 WL 11334891, at *2 (M.D. Fla. Sept. 3, 2008) ("Indeed, failure to obtain the unanimous consent of all defendants is a procedural defect which generally warrants remand.") (citing 28 U.S.C. § 1447(c); *Russel Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001) (abrogated on other grounds); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Fowler*, 2007 WL 106563, at *1, 3); *Jones v. Florida Dep't. of Children and Family Servs.*, 202 F. Supp. 2d 1352, 1354 (S.D. Fla. 2002) ("[T]he Eleventh Circuit, along with numerous district courts agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c)"). Accordingly, because "the right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts," the Court must remand this case. *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, No. 09–82433–CIV, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1318 (M.D. Ala. 2006) ("Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect.").

Accordingly, it is **ORDERED AND ADJUDGED** that

1. This case is **REMANDED** to Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. The Clerk of Court shall **CLOSE** this case.

Case No. 25-cv-20815-BLOOM/Lett

3.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 25, 2025.

_____<br>
**BETH BLOOM**<br>
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record